UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMI STAMPING, LLC,

    Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY *et al.*,

    Defendants.

_____/

Case No. 14-cv-10176
Hon. Matthew F. Leitman

**<u>ORDER (1) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (ECF #44), AND (2) MODIFYING IN PART MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF #33)</u>**

On June 30, 2015, Plaintiff AMI Stamping, LLC, ("AMI") filed a motion to compel Defendant ACE American Insurance Company ("ACE") to produce unredacted versions of certain documents ACE produced to AMI during discovery (the "Motion to Compel"). (*See* ECF #33.) The Court referred the Motion to Compel to the assigned Magistrate Judge. Following briefing and oral argument, the Magistrate denied the Motion to Compel in a written order (the "Magistrate's Order"). (*See* ECF #43.) Specifically, the Magistrate Judge concluded that many of the unredacted documents AMI sought were protected by the attorney-client privilege and thus did not need to be produced. (*See id.* at 8-11, Pg. ID 756-759.)

1

AMI timely filed objections to the Magistrate's Order (the "Objections"). (*See* ECF #44.) AMI "does not object to all of the findings of [the] Magistrate Judge." (*Id.* at 2, ¶4, Pg. ID 762.) Instead, AMI objects to the portions of the Magistrate's Order which rejected AMI's demand for unredacted communications between ACE and its expert witnesses.[1] (*See id.*) According to AMI, it is "entitled to the[se] communications regardless of whether any privilege attaches to [them] or not." (*Id.*)

In support of this contention, AMI relies on a single case: *Reg'l Airport Auth v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006). According to AMI, *Reg'l Airport* held that Federal Rule of Civil Procedure 26 "creates a bright-line rule requiring the disclosure of all information provided to testifying experts." (Mot. to Compel, ECF #44 at 2, ¶5, Pg. ID 762; *see also Reg'l Airport*, 460 F.3d at 715.) Thus, AMI argues that even if ACE's communications with its experts were otherwise privileged, Rule 26 and *Reg'l Airport* "obligated [ACE] to produce [the unredacted communications] regardless of whether [the communications] are privileged or not." (*Id.* at 3, ¶7, Pg. ID 763.)

AMI's reliance on *Reg'l Airport* is misplaced. *Reg'l Airport* was decided in 2006 *before* Rule 26 was amended in 2010 to specifically eliminate the "bright line" rule AMI relies upon. *See, e.g., In In re Methyl Tertiary Butyl Ether (MTBE)*

---

[1] AMI attached the redacted form of these communications as Exhibit 1 to its Objections. (*See* ECF #44-1.)

*Products Liability Litigation*, 293 F.R.D. 568, 576 (S.D.N.Y. 2013) (quoting *Reg'l Airport* and explaining that "[t]he 2010 Amendment to Rule 26 abrogates this bright-line approach in favor of the work-product doctrine's original function: protecting the orderly prosecution and defense of legal claims by preventing unwarranted inquiries into the files and the mental impressions of attorneys") (internal punctuation omitted); *Daugherty v. American Exp. Co.*, 2011 WL 1106744, at *4 (W.D. Ky. Mar. 23, 2011) (holding that 2010 amendments to Rule 26 "limit the amount of [expert] disclosure" as compared to the broader "bright-line rule" adopted in *Reg'l Airport*). Thus, ACE need not produce the communications it had with its testifying experts in their entirety.

Nonetheless, Rule 26, even as amended, still requires the disclosure of some communications – or portions of communications – between a party's attorney and a testifying expert witness. Indeed, communications, or portions of threof, must be produced if the communications

> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

3

Fed. Rule Civ. Proc. 26(b)(4)(C)(i)-(iii). *See also Bailey v. Scoutware, LLC*, 12-10281, 2014 WL 2815688, at *7 (E.D. Mich. June 23, 2014) (Rule 26(b)(4)(C) "does not protect underlying facts" contained within otherwise privileged communications from disclosure).

Here, to the extent that any of the communications attached as Exhibit 1 to AMI's Objections contain redacted information that falls within Rule 26(b)(4)(C)'s three enumerated categories, ACE shall produce unredacted versions of these communications. Likewise, ACE shall produce communications (or portions thereof) between its counsel and any other testifying experts to the extent that those communications contain information that falls within the three enumerated categories.

However, ACE may maintain its redactions with respect to any portion of the communications between its counsel and its experts that do not fall within the three limited categories quoted above. Indeed, as the Advisory Committee Notes to the 2010 Amendment plainly provide, "[u]nder the amended rule, discovery regarding attorney-expert communications on subjects outside the three exceptions" are prohibited without court order.[2]

---

[2] ACE argues that it may maintain all redactions of communications *from* its testifying expert witnesses because these redactions "do not constitute facts or data *provided to* a testifying expert." (ACE Resp. Br., ECF #45 at 2-3, Pg. ID 804-805) (emphasis in original). This argument appears to be premised on the mistaken belief that Rule 26, as amended, protects a party from disclosing any portions of

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the Objections (ECF #44) are **OVERRULED IN PART AND SUSTAINED IN PART** and the Magistrate's Order (ECF #43) is **MODIFIED IN PART** only as follows**:** ACE shall produce to AMI any portions of the communications attached as Exhibit 1 to the Objections (ECF # 44-1) that contain information that falls within the three enumerated categories in Rule 26(b)(4)(C)(i)-(iii). ACE may maintain its redactions with respect to any portion of the communications that do not fall within these categories. Likewise, ACE shall produce any portions of communications between its counsel and any of its other testifying expert witnesses (i.e., other than the expert witness involved the communications attached as Exhibit 1 to the Objections) that contain information that falls within the three enumerated categories in Rule 26(b)(4)(C)(i)-(iii).

**IT IS SO ORDERED**.

Dated: November 17, 2015

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

---

communications that come *from* a testifying expert witness (as opposed to communications *to* such an expert witness). But the rule does not draw a distinction between communications *from* experts and communications *to* experts. And ACE has not provided any authority to support drawing such a distinction here. It is certainly possible that a communication from an expert to an attorney could contain, for instance, information previously provided to the expert by the attorney, and such a communication would be subject to disclosure. Thus, ACE may not refuse to produce unredacted communications that contain information that falls within Rule 26(b)(4)(C)'s enumerated categories on the ground that the communication came *from* its testifying expert witness.

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 17, 2015, by electronic means and/or ordinary mail.

                                                s/Shawna C. Burns
                                                Case Manager
                                                (313) 234-5113